**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**STATE EMPLOYEES FEDERAL CREDIT UNION,
also known as SEFCU,**

                                      **Appellant,**

    vs.                                                      **1:15-cv-00418
                                                               (MAD)**

**S.G.F. PROPERTIES, LLC; FARAGON PROPERTIES,
LLC,**

                                      **Appellees.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**MELVIN, MELVIN LAW FIRM**             **LOUIS LEVINE, ESQ.**
217 South Salina Street
7th Floor
Syracuse, New York 13202-1686
Attorneys for Appellant

**NOLAN, HELLER LAW FIRM**               **FRANCIS J. BRENNAN, ESQ.**
39 North Pearl Street
3rd Floor
Albany, New York 12207
Attorneys for Appellees

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Currently before the Court is Appellant SEFCU's motion for an order staying enforcement of a portion of an order of the United States Bankruptcy Court entered on April 20, 2015, pending the disposition of Appellant's appeal of that order. *See* Dkt. No. 8-10.

### II. BACKGROUND

On January 2, 2013, S.G.F. Properties, LLC and Faragon Properties, LLC ("Appellees") filed petitions for relief under Chapter 11 of the Bankruptcy Code. Dkt. No. 8-1 at ¶ 3. At that time, Appellant held claims against Appellees totaling $1,496,219.47. *Id.* at ¶ 4. This debt was secured by mortgage liens upon thirteen properties owned by Appellees, one of which is located at 8-10 Locust Park, Albany, New York (the "Locust Park Parcel"). *Id.*

On January 13, 2015, the parties conducted a mediation/settlement conference with bankruptcy Judge Cangilos-Ruiz to confirm Appellees' proposed plan of reorganization. *Id.* at ¶ 9. After this meeting, a stipulation was entered on the record which outlined the parties' obligations in moving forward with the bankruptcy proceedings. *Id.* The relevant portions of the stipulation stated that "(a) [Appellees] would execute and deliver to [Appellant] deeds in lieu of foreclosure to all 13 parcels to hold in escrow pending a default by [Appellees]," (b) if, *inter alia*, Appellees reduced the principal amount of Appellant's claim to $950,000.00 or less before July 31, 2015, "then a 'Refinance' would occur pursuant to which the balance of [Appellant's] claim would be reamortized for a term of 25 years with a three-year maturity date[,]" and (c) "if [Appellees] made at least the first three regular monthly payments under the Refinanced debt, then [Appellant] would return or destroy the deed in lieu for the Locust Park Parcel[.]" *Id.* at ¶¶ 10, 11. It is undisputed that Appellees reduced the principle amount owed to Appellant below $950,000.00 by July 15, 2015. *Id.* at ¶ 23.

In drafting an agreement to incorporate the terms of the stipulation into a document titled "Schedule B," *see* Dkt. No. 8-3, the parties disagreed as to the precise nature of Appellant's claim secured by the Locust Park Parcel. Dkt. No. 8-1 at ¶ 13. Specifically,

> [Appellees] took the position that if the deed in lieu to the Locust
> Park Parcel were returned or destroyed then [Appellant] also would
> be required to release its mortgage lien from the Locust Park Parcel.
> [Appellant] took the position that it had merely agreed not to

2

> foreclose its mortgage on the Locust Park Parcel, and that a release thereof had not been required.

*Id.* The disputed provision was the last sentence of paragraph "k" from said Schedule B. *Id.* Judge Cangilos-Ruiz reviewed this dispute in an all-day mediation session and issued an order ruling in Appellees' favor on March 24, 2015. *Id.* at ¶ 14; Dkt. No. 8-4 at 1. This order required the final words of paragraph "k" relating to the Locust Park Parcel to state: "and the mortgage encumbering said property shall be released." Dkt. No. 8-1 at ¶ 15. Appellant appealed this order on April 7, 2015. *Id.* at ¶ 16; Dkt. No. 8-5.

On April 20, 2015, bankruptcy Judge Littlefield issued an order confirming Appellees' second amended plan of reorganization, which included the Schedule B containing the revised paragraph "k" as ordered by Judge Cangilos-Ruiz. Dkt. No. 8-1 at ¶ 17; Dkt. No. 8-6. Appellant appealed this order on April 29, 2015. Dkt. No. 8-1 at ¶ 18; Dkt. No. 8-7. Appellant's appeals of the March 24, 2015 and April 20, 2015 orders were consolidated by this Court on June 16, 2015. *See* Dkt. No. 4. The issues raised in those appeals concern the interpretation and application of paragraph "k" of Schedule B as to the disposition of the Locust Park Parcel.

On June 17, 2015, Appellant applied to Judge Littlefield for an order pursuant to Federal Rule of Bankruptcy Procedure 8007(a) staying enforcement of the April 20, 2015 order, pending appeal. Dkt. No. 8-1 at ¶ 19. That motion requested limited relief to stay only the enforcement of the final portion of paragraph "k" of Schedule B, which states: "and the mortgage encumbering said [Locust Park] property shall be released." *Id.* at ¶ 19. Appellant's request for a stay pending appeal was denied by the bankruptcy court on June 23, 2015. *Id.* at ¶ 21; Dkt. No. 8-8. Specifically, Judge Littlefield

> was not convinced [Appellant] would suffer irreparable injury absent imposition of the stay pending appeal, nor did [the court] believe [Appellant] has a substantial possibility of success on

3

> appeal based upon [the March 24, 2015 order], wherein Judge
> Cangilos-Ruiz clarified the settlement terms reached after an all-day
> mediation with her that were put in the record and approved in a
> subsequent order.

Dkt. No. 8-8 at 2.

## III. DISCUSSION

### A. Standard of review

Federal Rule of Bankruptcy Procedure 8007 (formerly Rule 8005) governs motions to stay pending appeal of bankruptcy court orders. *See* Fed. R. Bankr. P. 8007. Generally, a Rule 8007 motion must first be made in the bankruptcy court. *See id.* A motion for such relief may subsequently be made in the district court so long as it states "that the [bankruptcy] court has ruled [on the motion] and set[s] out any reasons given for the ruling." *Id.* at 8007(b)(2)(B). In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law. *See In re Petition of Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 275 B.R. 699, 703 (S.D.N.Y. 2002) (citation omitted). "[T]he decision to grant or deny a stay pending appeal is within the discretion of the bankruptcy court." *Green Point Bank v. Treston*, 188 B.R. 9, 11 (S.D.N.Y. 1995) (citations omitted). Thus, the district court "review[s] the bankruptcy court's decision [to deny a stay pending appeal] only for abuse of discretion." *Id.* (citations omitted).

The Second Circuit has established a four-pronged test for determining whether to grant a motion for a stay pending an appeal: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39

4

(2d Cir. 1993) (quotations omitted); *accord In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 183 (2d Cir. B.A.P. 1996) (citations omitted); *In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P. 1997). This standard has been routinely applied to a motion for a stay of an order of a bankruptcy court, pending an appeal to the district court. *See, e.g.*, *In re Rossi*, No. 1:08–MC–0081, 2008 WL 4519008, *1 (N.D.N.Y. Sept. 26, 2008); *In re Brunswick Baptist Church*, No. 1:05–CV–1085, 2007 WL 294087, *2 (N.D.N.Y. Jan. 25, 2007).

"Failure to satisfy one prong of this standard for granting a stay will doom the motion."[1] *In re Turner*, 207 B.R. at 375; *accord In re Bijan–Sara Corp.*, 203 B.R. 358, 360 (2d Cir. B.A.P. 1996); *In re Deep*, 288 B.R. 27, 30 (N.D.N.Y. 2003) (citation omitted). As a result, "[t]he moving party must show 'satisfactory' evidence on all four criteria." *In re Bijan–Sara Corp.*, 203 B.R. at 360 (citation omitted); *accord In re Albert*, No. 99–31520, 2002 WL 1432663, *3 (Bankr. S.D.N.Y. June 20, 2002) (citation omitted).

**B.    Appellant's Motion**

Bankruptcy Judge Littlefield based his denial of Appellant's application for a stay on its inability to prove that it will suffer irreparable injury or that it has a substantial possibility of success on the merits of the appeal. *See* Dkt. No. 8-8. Thus, the Court will begin its discussion of the instant motion by reviewing Judge Littlefield's decision on these grounds for an abuse of discretion. *See Green Point Bank v. Treston*, 188 B.R. 9, 11 (S.D.N.Y. 1995). Significantly, Appellant has not explained the reasoning for Judge Littlefield's previous denial of the stay nor has it provided an explanation for why that decision amounted to an abuse of discretion. *See In re*

---

[1] While several lower courts have addressed the four factors as a balancing test, the Second Circuit has not departed from the rigid approach applied in *In re Turner*. *See In re CPJFK, LLC*, 496 B.R. 65, 68 (Bankr. E.D.N.Y. 2011).

5

*World Trade Bus. Ass'ns, Inc.*, No. 13-Misc.-44-A, 2013 WL 6441506, *5 (W.D.N.Y. Dec. 9, 2013) (noting that a failure to address the bankruptcy judge's previous order, while not a jurisdictional defect, weighs in favor of the district court denying the stay).

"A showing of probable irreparable harm is the principal prerequisite for the issuance of a [Rule 8007] stay. Irreparable harm must be neither remote nor speculative, but actual and imminent." *In re Taub*, 470 B.R. 273, 278 (E.D.N.Y. 2012) (quoting *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007)) (other citations omitted). The mere possibility of monetary loss is insufficient to establish irreparable harm. *See Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 186, 194 (S.D.N.Y. 2007). In certain circumstances, "the risk that an appeal may become moot in the absence of a stay pending appeal satisfies the irreparable injury requirement." *In re Adelphia Commc'ns Corp.*, 361 B.R. at 347. However, a "majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm." *In re Gen. Motors Corp.*, 409 B.R. 24, 31 (Bankr. S.D.N.Y. 2009) (quoting *id.*). The potential mooting of an appeal, coupled with the risk of substantial monetary loss, is sufficient to establish irreparable injury. *See In re Moreau*, 135 B.R. 209, 215 (N.D.N.Y. 1992).

Appellant contends that, absent a stay, it will suffer irreparable injury because of the potential mooting of its pending appeal. Dkt. No. 8-10 at 6. If the preconditions to the refinancing agreement are met and Appellees successfully make their first three payments under that plan prior to the appeal being decided, Appellant would be required to release the mortgage on the Locust Park Parcel notwithstanding the outcome of the appeal.[2] *See* Dkt. No. 8-1 at ¶ 28. Appellant's only support for its argument that the potential mooting of its appeal constitutes

---

[2] While Appellant contends that the Locust Park Parcel may be released as early as October of 2015, the records before the Court indicate that the release has not yet occurred. *See* Dkt. No. 8-1 at ¶ 29.

6

irreparable injury is the citation to six cases decided within the Second Circuit. *See* Dkt. No. 8-10 at 6. The Court finds these citations to be unpersuasive because the first four cases either involve the potential for a complete loss of a creditor's claims absent a stay, or the loss of a different, substantial right in addition to the potential mooting of their appeal. *See In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 182-83 (2d Cir. B.A.P. 1996) (finding that irreparable injury would amount from the failure to stay a foreclosure sale of a single property encumbered by a mortgage, which was the sole security to the creditor's promissory note); *In re Advanced Mining Sys., Inc.*, 173 B.R. 467, 468 (S.D.N.Y. 1994) ("If a stay pending appeal is denied, the debtors' assets will be distributed without any reserve for the [creditors'] claim"); *In re St. Johnsbury Trucking Co., Inc.*, 185 B.R. 687, 690 n.1 (S.D.N.Y. 1995) ("If the government's appeal here is mooted, it will . . . lose the ability to enforce some provisions of CERCLA and the Internal Revenue Code . . . . It is that threatened loss rather than the loss of the right to appeal *vel non* that gives rise to the Court's irreparable injury finding"). The remaining two cases cited by Appellant likewise fail to provide a reasoned argument that the potential mooting of a creditor's appeal is a sufficient irreparable injury. In *In re Norwich Historic Preservation Trust, LLC*, the District of Connecticut hesitantly assumed that the potential mooting of a *pro se* appellant's appeal was sufficient to show irreparable injury and easily denied the stay application for failure to satisfy the other three requirements. No. 3:05CV12, 2005 WL 977067, *3 (D. Conn. Apr. 21, 2005). Lastly, in *In re BGI, Inc.*, the Southern District of New York held that the potential mooting of an appeal was not an irreparable injury because the debtor had sufficient funds to satisfy its obligations to the appellants, even absent a stay. 504 B.R. 754, 768 (S.D.N.Y. 2014). Thus, none of the cases cited by Appellant satisfy its burden to prove that the potential mooting of its appeal, standing alone, is sufficient to show irreparable injury.

Appellees submit that the remaining properties secured by Appellant's mortgage interests provide adequate security to cover any indebtedness to Appellant, even absent the Locust Park Parcel. *See* Dkt. No. 13 at 10; Dkt. No. 12 at ¶ 13. Appellees are currently indebted to Appellant for $1,054,009.28.[3] The total value of the properties secured by Appellant's mortgages is $1,815,282.00. The value of the Locust Park Parcel is $260,000.00. If the mortgage to the Locust Park Parcel is released, Appellant still has $1,555,282.00 worth of collateral from the remaining properties subject to its mortgages. *See* Dkt. No. 13 at 10; Dkt. No. 12 at ¶ 13. Thus, even if the Locust Park Parcel is released, Appellant's claim against Appellees is secured by properties valuing $501,273.00 in excess of the indebtedness. Appellant has failed to show that, absent a stay, there would be any risk that it would not be able to recover sufficient money from foreclosure sales on the remaining properties to satisfy the indebtedness in the event of a default.

Appellant's failure to satisfy the irreparable injury requirement is sufficient to deny the instant request for a stay. *See In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P. 1997). In addition, the Court finds that Judge Littlefield's decision that Appellant did not have a substantial possibility of success on the merits was not an abuse of discretion. Appellant failed to address what evidence Judge Littlefield considered in denying its previous application for a stay. *See* Dkt. No. 8-1 at ¶ 30. Rather, it directs us to review the entire appellate brief submitted for its appeal. *See id.* Appellant does not contend that any information presented in its brief was not also before Judge Littlefield for the June 23, 2015 order. Further, Appellees state that the basis for the instant application is "on the very same facts and circumstances present" before Judge Littlefield. Dkt. No. 12 at ¶ 26. Thus, based on Judge Littlefield's extensive familiarity with this

---

[3] The values listed in this section are reported in Appellees' memorandum of law and corresponding affidavit without objection from Appellant. *See* Dkt. No. 13 at 10; Dkt. No. 12 at ¶ 13.

8

case, Judge Cangilos-Ruiz's day long meeting with the parties prior to her March 24, 2015 order, a review of the parties' appellate briefs on this matter, the lack of any discussion concerning the basis for Judge Littlefield's June 23, 2015 order, and the lack of irreparable injury to Appellant absent a stay, the Court finds that Judge Littlefield's denial of Appellant's motion for a stay pending appeal was not an abuse of discretion.  As Appellant has failed to prove each of the four required elements to grant a stay under Rule 8007, the Court denies the instant motion for a stay pending appeal.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Appellant's motion for a stay pending appeal is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 25, 2015
        Albany, New York

Mae A. D'Agostino
U.S. District Judge